PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RAMÓN ABOY JR., Defendant and Appellant.

No. 3277. Decided June 11, 1928.

*Feliú & La Costa* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a motion for an allowance for a writ of error to the Circuit Court of Appeals. The defendant and appellant in the District Court of San Juan was convicted of carrying a prohibited weapon. On April 26, 1928, the judgment was affirmed by this court. On May 5, 1928, the defendant-appellant, along with an assignment of errors, filed his motion for an allowance of a writ of error. The motion was denied May 7, 1928, on the ground that no question was raised authorizing an appeal. Three days later the appellant pre-

sented a motion asking leave to file an amended assignment of errors. The amended assignment of errors accompanied the motion. Now for the first time and, so far as the record reveals, without having raised any constitutional question in the district court or here, the appellant has presented the following assignment of error:

"That this Honorable Court committed error in pronouncing judgment affirming the judgment of the District Court for the Judicial District of San Juan, Porto Rico, punishing plaintiff in error for the carrying of concealed or prohibited weapons for the reason that said Act is null, because the same contravenes and violates paragraph one of section two of the Organic Law of Porto Rico, approved by the Congress of the United States on March 2nd, 1917, said Act violating both the provisions as to due process of law and the provisions as to equal protection of the laws."

The jurisdictional act of Congress effective May 13, 1925, provides that appeals or writs of error from final decision lie to the Circuit Court of Appeals "in all cases, civil or criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved." This is the alleged right of appeal or writ of error that is invoked.

We have considered this case as if a writ of error or appeal might lie to the Circuit Court of Appeals, but, as we understand it, on January 31, 1928, the following was enacted by the Congress of the United States:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that the writ of error in cases, civil and criminal, is abolished. All relief which heretofore could be obtained by writ of error shall hereafter be obtainable by appeal."

The act as originally passed contained a section 2. This was amended on April 26, 1928, to read as follows:

"The statutes regulating the right to a writ of error, defining the relief which may be had thereon, and prescribing the mode of exercising that right and of invoking such relief, including the pro-

visions relating to costs, supersedeas, and mandate, shall be applicable to the appeal which the preceding section substitutes for a writ of error.''

In any event it would appear that now only an appeal lies for which an allowance must primarily be sought from this court.

We have the idea that it is the law that a constitutional question should be raised in the courts below, but the present law does not say so, although apparently such was the practice under section 246 of the Judicial Code regulating writs of error and appeal to the Supreme Court of the United States. See the memorandum decision of Mr. Justice Franco in the case of *People* v. *Juan de Gracia,* of August 13, 1923, which decision was delivered in vacation after consultation with the court before adjournment. See also 25 C. J. 948 *et seq.* However, we shall base our decision on another ground. Section 246 of the Judicial Code allowing appeals to the Supreme Court of the United States was repealed by the said jurisdictional act of 1925.

With reference to the Organic Act the constitutionality of Act No. 14 of June 25, 1924, Special Session Laws of that year pp. 114 *et seq.,* has been frequently questioned. Some of the cases are *People* v. *Vadi,* 34 P.R.R. 441; *People* v. *Rodríguez,* 35 P.R.R. 253, and *People* v. *Díaz,* 35 P.R.R. 212. Finally the law was attacked on various constitutional grounds in the case of *People* v. *Díaz Cintrón,* 36 P.R.R. 514, and decided adversely to the contention. The judgment of this court was appealed to the Circuit Court of Appeals and an assignment of errors was presented setting up several grounds of unconstitutionality. In the Circuit Court of Appeals, as appears from the opinion of that court, all grounds of appeal save one were abandoned, namely, whether the District Court of Ponce was newly organized to the effect that the appellant would not have ceased to be a judge thereof and hence entitled to carry a weapon. *Díaz Cintrón* v. *People,* 24 Fed. (2nd) 957. The Circuit Court of Appeals had the act

before it and did not declare it unconstitutional and counsel therein surely did not find it so. Hence at this date we find the appeal frivolous. See memorandum of Mr. Justice Franco, *supra*.

Not only do we find the appeal frivolous because the Act of June 25, 1924, has in the constitutional sense become authoritative law, but the assignment of errors fails substantially to draw the attention of this court or of the Circuit Court of Appeals to any reason why the said act should be declared unconstitutional. It does not suffice to say in blanket form that the act contravenes the Organic Act or the like, but a greater specification is necessary.

We somewhat question, too, whether after our former refusal to allow a writ of error we have any power or authority to permit an amendment, especially without a motion for reconsideration of our former order.

The motion is denied.